Butler, J., dissenting.
the Court I cannot su' :y opposed [id technical in this case. I think the construction to the actual intention of the testator, ah] meaning of the language he uses.
In the three first clauses of the will, th^esbato^giM&J^ his grandchildren, all that he intended specifically rasadb^^T^^in the fourth clause, it seems to have been his design to give the residue of his property to his-wife and children. That is, after-the determination of the life estate to his wife, to divide the remainder between his children, Eraucis and William, share and share alike. He uses language sufficiently significant to convey his meaning. After his wife’s death, the testator directs his executor to sell and divide the estate between his children “ and or their heirs. ” What children did he mean ? Did he mean his children *alive at the time, or did he have reference to a deceased child ? Or did he include in the word “ children ” his L grandchildren, whom he had specially called, in the clause above, his grandchildren. He obviously meant his surviving children. To whom then should the adjective pronoun their have reference ? By every rule of grammar, it relates to and includes only his children ; and of consequence then it is to his children and their heirs, that he gives the remainder of his property. To read the clause in this way, is to give to the word heirs its ordinary legal signification, to make it a word of limitation and not of purchase. I do not say that it may not be a word of purchase. The -intention to make it a word of purchase should be very obvious, and the persons to take by it should be clearly indicated, before the legal construction of it should be violated. If the testator, in the ease under consideration, intended to refer specifically to any persons to take by the word “ heirs,” it was the children alone of his surviving children. That is, in the event of either’s death, their children to come in and represent the parent. But I am averse to considering contingencies until they happen. If either William or Francis had died before their father, it is probable the father would have altered his will in conformity to that circumstance. To make the word “heirs” refer exclusively to James’ children, is not only to change its meaning, but to give its reference ; and in effect, it is. to add a clause to the will. It is asked, why should the testator make such a difference between his surviving children, and the representatives of his son, James? I canunly answer, that as far as the testator was explicit, he certainly made a discrimination be *338 tween Ms grandchildren. To one grandchild he gives a negro; to William’s children he gives another negro, and to James’ two children he givbs $100 each. Whether this was the result of caprice or justice, I will not inquire. It may have been, and probably was the latter. This depends upon the advancements which the testator may have made, and many other circumstances of which we can take no notice. I am not for going out of my way in any effort (perhaps vain and futile) to do imaginary justice. I like that justice which is prescribed by legal definition and usage. This gives the security of rule; the other opens the door to the uncertainty of discretion. The Court makes the word heirs refer exclusively to James Johnson’s children, and I make it refer exclusively *4421 to ^representatives of Francis and William, whoever they -I might be ; (that is, if William and Francis had not alienated the property before their death,) and this regards the word as a word of limitation indicative of the quantity of estate given. But if it should be regarded as a word of purchase, I think Francis’ and William’s children would take by it in preference to James’. I am for letting the fourth clause read as though the word or was not in it; and if the word or is to have any meaning, it cannot make the word heirs refer exclusively to, the daughters of James, and let them come in and take an equal share with Francis and William. The pecuniary legacy given to them by their grandfather, was all that he intended specifically for them.
Evans, J., also dissented, but gave no reasons.
Earle, J., absent.